92 F.3d 1188
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
William A. WRIGHT, Plaintiff-Appellant,
v.
HAKA CORPORATION, et al., Defendants-Appellees.
 No. 95-2597.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 23, 1996.*
Decided July 23, 1996.
 
 Before CUMMINGS, COFFEY and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 William Wright ("Wright") asserted various claims against the defendants[1] (based on diversity of citizenship) relating to property Wright claims he owns in Jeffersonville, Indiana. Wright claimed that the defendants, without his permission, included his real estate in a development plan submitted to the city. He also claimed that the defendants breached an option contract to purchase the property from him. The district court dismissed his claims for lack of subject matter jurisdiction on March 2, 1995. Wright filed a timely motion to reconsider pursuant to Fed.R.Civ.P. 59(e). The district court denied this motion on May 31, 1995 and Wright filed a timely appeal.[2]
 
 
 2
 This action stems from a condemnation proceeding brought in the Clark Circuit Court by the City of Jeffersonville against Wright's property located in Jeffersonville on Illinois Avenue. On March 14, 1991, the Clark Court entered an order in the condemnation proceeding overruling Wright's objections and appointing appraisers for the condemned property. (Appendix 33). Subsequently, a final judgment was entered in the Clark County Court by which the City of Jefferson was ordered to pay Three-Hundred Forty-Eight Thousand Dollars ($348,000.00) to Wright who was ordered to execute a deed to the property to the City of Jeffersonville. Id. Wright claimed, without attaching a copy of the state appellate docket or decision, that he appealed this decision without success. Subsequently, the defendants purchased this property from the City and planned its development allegedly in breach of a prior obligation (pursuant to an option contract) to purchase the land directly from Wright for One Million, Five Hundred Thousand Dollars. (Pl.'s Br. at 6).
 
 
 3
 The district court dismissed Wright's claims for lack of jurisdiction noting that once the state condemnation proceeding divested Wright of his interest in the property, he was without standing to challenge the defendants' proposed development plans. (Appendix 41). On appeal, Wright argues that his claim should not have been dismissed since he alleged that the defendants somehow caused the condemnation proceedings by engaging in an illegal conspiracy with the city. (Pl.'s Br. at 7). He further alleges that the state court has "no connection to the case now before the court except that the state court did assist the appellee/developers in taking Wrights (sic) real estate." (Pl.'s Br. at 8). In support of this court's jurisdiction, Wright contends that the "taking" of his property deprived him of his rights protected by various provisions of the "Bill of Rights." (Pl.'s Br. at 9).
 
 
 4
 Notably, Wright did not dispute that he received $348,000.00 in payment for the property following the condemnation proceedings. Instead, he attempts to ignore the effect of the state proceedings, which determined the scope of his property interest, by filing a federal claim. But lower federal courts have no authority to grant collateral review of a state court civil judgment. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Homola v. McNamara, 59 F.3d 647, 650 (7th Cir.1995). Instead, a litigant who has lost in state court must seek review in the United States Supreme Court. GASH Assocs. v. Village of Rosemont, 995 F.2d 726, 727 (7th Cir.1993). Although Wright asserts that he is not seeking collateral review, we are convinced that Rooker-Feldman applies in this case. Wright's claims are thus barred for lack of jurisdiction to the extent that his claims are "inextricably intertwined" with the state court condemnation judgment.
 
 
 5
 To the extent that Wright's claims do not require invalidation of the state court judgment, then they, nevertheless, must be dismissed for lack of jurisdiction since Wright no longer holds an interest in the subject property. See Indemnified Capital Inv. v. R.J. O'Brien & Assocs., Inc., 12 F.3d 1406, 1408-09 (7th Cir.1993); Banks v. National Collegiate Athletic Ass'n, 977 F.2d 1081, 1085 (7th Cir.1992), cert. denied, 113 S.Ct. 2336 (1993).
 
 
 6
 Accordingly, we AFFIRM the district court's dismissal of Wright's claims for lack of jurisdiction.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 The other defendants are the Unknown President of Haka Corporation, DeMars Corporation, David Carley, Ann Schmidt Walker, Jukka Lauri, Ohio Riverside Development Corporation, Juhani Kuusio, and other unknown defendants
 
 
 [2]
 Wright's notice of appeal challenges the denial of his Rule 59(e) motion as well as the court's initial judgment dismissing his claims for lack of subject matter jurisdiction